MANNING CURTIS BRADSHAW
  & BEDNAR PLLC
Jess M. Krannich, #14398
Michael E. Harmond, #17230
136 E. South Temple, Suite 1300
Salt Lake City, Utah 84111
Telephone:  (801) 363-5678
Facsimile:   (801) 364-5678
jkrannich@mc2b.com
mharmond@mc2b.com

*Attorneys for Petitioner Owlet Baby Care, Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| OWLET BABY CARE, INC.,<br><br>        Petitioner,<br><br>vs.<br><br>MASIMO CORPORATION and CERCACOR LABORATORIES, INC.<br><br>        Respondents. | **DISCOVERY STATEMENT AND MOTION TO QUASH SUBPOENA ISSUED TO NON-PARTY OWLET BABY CARE, INC.**<br><br>Case No. 2:21-mc-00096-TS<br><br>**EXPEDITED TREATMENT REQUESTED** |

      Pursuant to DUCivR 37-1 and 45-1, Petitioner Owlet Baby Care, Inc. ("Owlet") respectfully asks this Court to quash a non-party subpoena dated 1/19/2021 (the "Subpoena") issued by Respondents Masimo Corporation and Cercacor Laboratories (collectively, "Masimo") in connection with a civil action pending in the United States District Court for the Central District of California, *Masimo Corporation and Cercacor Laboratories v. True Wearables, Inc. and Marcelo Lamego*, 8:18-CV-02001-JVS-JDE (the "Lawsuit") and to award Owlet the costs and fees of this Motion. *See* Ex. A (Subpoena, Objections, and Cover Letter).

## **DISCOVERY STATEMENT AND MOTION**

Owlet is a non-party to the Lawsuit, which involves claims by Masimo against its former employee, Marcelo Lamego, and his company, True Wearables. *See* Ex. A, Addendum 2. Although Masimo and True Wearables are Owlet's direct competitors in the pulse-oximeter industry, Owlet operates at arm's length from these parties and has had no substantive interactions with them. Nonetheless, the Subpoena demands disclosure of Owlet's most valuable trade secrets—the algorithms used in its pulse oximeters—without any explanation of their necessity or relation to Masimo's claims. *See* Ex. B, Decl. of Jacob Briem.

Fed. R. Civ. P. 45(d)(3)(B) protects non-parties from disclosing confidential information not relevant or necessary to the underlying litigation. Once a non-party shows that such information is both confidential and "might be harmful if disclosed," the burden "shifts to the party seeking discovery to establish that disclosure is <u>both relevant and necessary</u>." *Int'l Coal Group, Inc. v. Tetra Fin. Group, LLC*, 2010 WL 2079675, at *1 (D. Utah May 24, 2010) (emphasis added); *see also Centurion Industries, Inc. v. Warren Steurer and Assocs*., 665 F.2d 323, 325 (10th Cir. 1981). Courts presume harm when the parties "are direct competitors in the same industry." *Int'l Coal Group*, 2010 WL 2079675, at *2 (citing *Echostar Comm'ns Corp.*, 180 F.R.D. 391, 395 (D. Colo. 1998)).

Owlet's confidential algorithms, used in its oximeters, fall squarely within Rule 45(d)(3)(B)'s scope. Their potential disclosure to direct competitor Masimo entitles Owlet to a presumption of harm. Masimo, however, has not even attempted to explain why this disclosure is not just relevant but <u>necessary</u>. *Id.* at *2; *see* Ex. C, J. Krannich email to P. Oldham (Feb. 17, 2021). Although Masimo contends a protective order will preserve the algorithms' confidentiality, "[t]he existence of a protective order," even "a fairly restrictive" one, "does not

2

negate the fact that" the algorithms are "only marginally relevant" (if at all). *See* Ex. A; *Echostar*, 180 F.R.D. at 395 (citation omitted).

Relatedly, by demanding these irrelevant algorithms, the Subpoena imposes undue burdens in violation of Rules 26 and 45. As a non-party operating at arm's length, Owlet's algorithms are entirely distinct from those of Masimo and True Wearables. Their disclosure will not help Masimo meet its burden on its underlying claims. This, coupled with Masimo's failure to explain why it needs the algorithms, shows they are not proportional to the needs of the underlying suit. Likewise, the overbroad Subpoena places no parameters around the types of documents sought, imposing an undue burden that requires its quashing under Rule 45(d)(3)(A).

Finally, the Subpoena is facially defective because it requires compliance at a location over 100 miles from where Owlet resides or regularly conducts business. *See* Fed. R. Civ. P. 45(c)(2)(A); 45(d)(3)(A)(ii). The Subpoena demands compliance at Masimo's counsel's office in Irvine, California. But Owlet—a Delaware corporation with its principal place of business in Utah—resides and regularly transacts business *in person* in Utah, not Irvine or anywhere else in California. Rule 45(d)(3)(A)(ii) therefore mandates quashing the Subpoena.

*****

## CERTIFICATION

Owlet certifies that it, through its counsel, made reasonable efforts to reach agreement on the disputed matters. On February 2, 2021, Owlet sent a detailed letter to Masimo's counsel explaining Owlet's responses, objections, and positions, and providing Masimo with relevant authority. Owlet sent a follow up communication on February 17, 2021 seeking to confirm Masimo's position, given that Masimo did not respond to Owlet's cover letter, responses, and objections. Owlet has received no response to either of these communications, which are attached hereto as Exhibits A and C, respectively.

## REQUEST FOR HEARING, EXTENDED BRIEFING, AND COSTS AND FEES

Owlet requests a hearing and, if necessary, extended briefing on this Motion. Given that the burden will shift to Masimo to establish that disclosure of Owlet's algorithms is both relevant and necessary, Owlet particularly requests an opportunity to rebut Masimo's assertions in the event that it takes a position on these points and opposes this Motion. *See Int'l Coal Group, Inc. v. Tetra Fin. Group, LLC*, 2010 WL 2079675, at *1 (D. Utah May 24, 2010) (citation omitted); *Centurion Industries, Inc. v. Warren Steurer and Assocs.*, 665 F.2d 323, 325 (10th Cir. 1981). In the event that this Motion is contested and Masimo attempts to meet its burden, Owlet also seeks to provide additional authority on the issues raised in this Motion that will assist the Court in its decision. Finally, given that Owlet promptly responded and objected to the Subpoena and explained its positions with supporting authority, that Masimo failed to respond or make any attempt to meet and confer, and that Owlet sought to confirm that Masimo would withdraw the Subpoena before filing this Motion to preserve its rights, Owlet respectfully requests an award of its costs and fees incurred in connection with this Motion.

DATED this 17th day of February, 2021.

                                                      MANNING CURTIS BRADSHAW
                                                      & BEDNAR PLLC

                                                      /s/ Jess M. Krannich
                                                      Jess M. Krannich
                                                      Michael E. Harmond

                                                      *Attorneys for Petitioner Owlet Baby Care, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of February, 2021, a true and correct copy of the foregoing **DISCOVERY STATEMENT AND MOTION TO QUASH SUBPOENA ISSUED TO NON-PARTY OWLET BABY CARE, INC.** was served upon the following counsel of record via the method indicated below.

|  |  |
|---|---|
| ___HAND DELIVERY | Perry D. Oldham |
| ___U.S. MAIL | Knobbe, Martens, Olson & Bear, LLP |
| ___FAX TRANSMISSION | 2040 Main St., 14th Fl. |
| _X_ E-MAIL TRANSMISSION | Irvine, CA 92614 |
| ___CM/ECF | perry.oldham@knobbe.com |

*Attorney for Respondents*

/s/ Jess M. Krannich