# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| **OWLET BABY CARE, INC.,**<br><br>Petitioner,<br><br>v.<br><br>**MASIMO CORPORATION and CERCACOR LABORATORIES, INC.,**<br><br>Respondents. | ORDER<br><br>Case No. 2:21-mc-00096-TS-JCB<br><br>District Judge Ted Stewart<br><br>Magistrate Judge Jared C. Bennett |

District Judge Ted Stewart referred this matter to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(A).[1]  Before the court is Petitioner Owlet Baby Care, Inc.'s ("Owlet") short form discovery motion to quash a non-party subpoena ("Subpoena") Respondents Masimo Corporation and Cercacor Laboratories, Inc. (collectively, "Respondents") issued to Owlet ("Motion").[2]  For the following reasons, the Motion is denied without prejudice.

Respondents are plaintiffs in an action in the United States District Court for the Central District of California, which is where the Subpoena was issued.[3]  The Subpoena required Owlet to produce certain documents to Respondents on February 18, 2021.  For the place of compliance, the Subpoena directed Owlet to produce the documents to Respondents' counsel's

---

[1] ECF No. 4.

[2] ECF No. 2.

[3] ECF No. 2-1.

office, which is located in California. On February 17, 2021, Owlet filed the Motion in this court to quash the Subpoena under Fed R. Civ. P. 45(d)(3)(B).

Rule 45(d)(3)(B) provides that "[t]o protect a person subject to or affected by a subpoena, *the court for the district where compliance is required* may, on motion, quash or modify the subpoena if it requires" disclosure of certain types of information. Fed R. Civ. P. 45(d)(3)(B) (emphasis added). For a document subpoena, the place of compliance under Rule 45 is the location where the documents will be produced. *RSUI Indem. Co. v. Nat'l Rifle Ass'n of Am.*, No. MC-20-6-D, 2020 WL 4194526, at *1 (W.D. Okla. July 21, 2020) (considering a Rule 45 motion to quash a document subpoena and citing several cases for the proposition that "[m]ost courts agree that the district where compliance is required is determined by the location or place of compliance identified in the subpoena").

Because the Subpoena requires Owlet to produce documents at a location in California, the District of Utah is not the "district where compliance is required." Fed R. Civ. P. 45(d)(3)(B). Therefore, the Motion[4] is DENIED without prejudice to refiling in the district where compliance with the Subpoena is required.

IT IS SO ORDERED.

DATED February 23, 2021.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[4] ECF No. 2.