MANNING CURTIS BRADSHAW
  & BEDNAR PLLC
Jess M. Krannich, #14398
Michael E. Harmond, #17230
136 E. South Temple, Suite 1300
Salt Lake City, Utah 84111
Telephone:  (801) 363-5678
Facsimile:   (801) 364-5678
jkrannich@mc2b.com
mharmond@mc2b.com

*Attorneys for Petitioner Owlet Baby Care, Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| OWLET BABY CARE, INC.,<br><br>Petitioner,<br><br>vs.<br><br>MASIMO CORPORATION and CERCACOR LABORATORIES, INC.<br><br>Respondents. | **MOTION TO REOPEN CASE AND RECONSIDER ORDER DENYING OWLET'S MOTION TO QUASH WITHOUT PREJUDICE**<br><br>Case No. 2:21-mc-00096-TS-JEB |

Pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure, Petitioner Owlet Baby Care, Inc. ("Owlet") respectfully asks this Court to reopen this Miscellaneous Case and reconsider its Order[1] denying Owlet's Discovery Statement and Motion to Quash Subpoena ("Motion to Quash")[2] without prejudice. The issue of whether this Court has jurisdiction over Owlet's Motion to Quash is an important one of first impression in this District that should be resolved with the benefit of adversarial briefing. To that end, Owlet asks this Court to order

---

[1] ECF No. 5.
[2] EFC No. 2.

substantive briefing on this issue and respectfully submits that a subpoena respondent's location—rather than the location where documents are (improperly) requested to be produced—is the proper place of compliance under Rule 45 of the Federal Rules of Civil Procedure.

## INTRODUCTION

On January 19, 2021, Owlet received a document subpoena from Respondents Masimo Corporation and Cercacor Laboratories (collectively, "Masimo") in connection with a civil action pending in the United States District Court for the Central District of California styled *Masimo Corporation and Cercacor Laboratories v. True Wearables, Inc. and Marcelo Lamego*, 8:18-CV-02001-JVS-JDE. Owlet is a nonparty to this action and has at all relevant times operated at arm's length from both parties. On February 2, 2021, Owlet served written objections and responses along with a cover letter explaining its positions in detail and offering to meet and confer, and when it did not hear back from Masimo it attempted to follow up on February 17, 2021 to confirm Masimo's position. When Masimo again did not respond that day, Owlet filed its Motion to Quash pursuant to DUCivR 37-1 in order to preserve all of its rights. In an Order dated February 23, 2021 ("Order"), the Court denied Owlet's motion without prejudice and directed Owlet to refile in the Central District of California, "where compliance with the [s]ubpoena is required." Order, p. 2.

In an Order denying Owlet's Motion to Quash, Magistrate Judge Jared C. Bennett held that "[f]or a document subpoena, the place of compliance under Rule 45 is the location where the documents will be produced." Order, p. 2. Four days earlier—and two days after Owlet filed its Motion to Quash—Magistrate Judge Bennett reached the same conclusion in *ACI Construction, LLC v. United States*, No. 1:19-cv-00054-JNP-JCB, 2021 WL 662392 (D. Utah Feb. 19, 2021). District courts across the country, however, are split on whether the place of compliance under

Rule 45 is in fact the district where the documents are requested to be produced or whether it is the district where the respondent resides. Magistrate Judge Bennett was the first District of Utah judge to address this issue, and in neither this case nor in *ACI Construction* was the issue briefed substantively. *Id.* at *1 (noting that the respondent "did not file any response" to the subpoenaing party's motion to compel).

This issue of whether the place of compliance, and therefore the proper forum for a discovery dispute, is the place specified in a subpoena (even if improper) or the place where the respondent resides is too important to be decided without adversarial briefing. Magistrate Judge Bennett's recent rulings could have far-reaching consequences for nonparties served with subpoenas in the District of Utah. Under the Court's Order and *ACI Construction*, local nonparties could now be forced to defend subpoenas in any district in the country so long as the issuing party commands compliance in that district, even if that command is without legal or factual basis. Owlet respectfully submits that the Court's Order should be reconsidered in light of the text and purpose of Rule 45, authority from other districts that have considered this issue, and substantive briefing from the parties on this important issue.

## ARGUMENT

I. **Whether This Court Has Jurisdiction Over Owlet's Motion to Quash Is An Issue of First Impression That Should Be Resolved Through Adversarial Briefing**

A. *The Undecided Issue of a Subpoena's Proper Place of Compliance is Too Important to Resolve Without Adversarial Briefing*

Because a subpoena's proper place of compliance under Rule 45 is a matter of first impression in this district, the Court should allow adversarial briefing on this critical issue. As the Tenth Circuit recently noted, "adversarial testing serves important ends: notably, it increases the odds that the court will 'reach the 'correct' decision because the advocates will uncover and

present more useful information and arguments . . . than the court would develop on its own.'" *U.S. v. Chavez*, 976 F.3d 1178, 1203 n.17 (10th Cir. 2020) (citation omitted) (also noting that "'[t]he adversary system is a cornerstone of our jurisprudence.'" (citation omitted)). Adversarial briefing is particularly critical where "the result" of a court's decision would involve "deepening a circuit split." *Crowson v. Washington Cnty, Utah*, 983 F.3d 1166, 1181 n.9 (10th Cir. 2020) (declining to reach an issue on which "other circuits are split . . . without the benefit of adequate adversarial briefing").

In this case, district courts across the country—including within the Tenth Circuit—have split on whether a subpoena's place of compliance, and thus the forum to resolve related discovery disputes, is the district where the respondent resides or the location identified on the subpoena. *Compare Gilbert v. Rare Moon Media, LLC*, No. 15-mc-217-CM, 2016 WL 141635, *2 (D. Kan. Jan. 12, 2016) (finding that "[t]he place of compliance . . . must be within 100 miles of where the [subpoenaed] person resides . . .") *with Adams v. Symetra Life Ins. Co.*, 2020 WL 489523, *2 (D. Kan. Jan. 28, 2020) (finding that "the district where compliance is required is determined by the location or place of compliance identified on the subpoena").[3] To Owlet's knowledge, no court in the District of Utah had addressed this issue until Magistrate Judge Bennett recently did so, both in his Order and in *ACI Construction, LLC v. United States*, No. 1:19-cv-00054-JNP-JCB, 2021 WL 662392 (D. Utah Feb. 19, 2021). In both cases, Judge Bennett noted that "'[m]ost courts agree that the district where compliance is required is determined by the location or place of compliance identified in the subpoena.'" *See* Order, p. 2

---

[3] *See also Adams*, 2020 WL 489523 at *2 (collecting cases from district courts that are split on a subpoena's proper place of compliance); *Raap v. Brier & Thorn, Inc.*, No. 17-MC-3001, 2017 WL 246823, *2-3 (C.D. Ill. Jul. 7, 2017) (also addressing split in district courts on this issue and collecting cases).

4

(quoting *RSUI Indemnity Co. v. National Rifle Association of America,* No. MC-20-6-D, 2020 WL 4194526, at *1 (W.D. Okla. Jul. 21, 2020)). Both decisions were released after Owlet filed its Motion to Quash.

Critically, the Court's Order and *ACI Construction* both lacked adversarial briefing. In this case, Owlet did not raise the issue of a subpoena's proper place of compliance, and Judge Bennett ruled prior to the deadline for Masimo's opposition.[4] In *ACI Construction*, which was before the Court on a motion to compel a nonparty's response to a document subpoena, the subpoenaed party "did not file any response." 2021 WL 662392 at *1. Judge Bennett thus ruled without adversarial input in both cases.

Deciding this issue without adversarial briefing creates serious and perhaps unintended consequences. As Owlet addresses more fully in Section II, the practical consequence of Judge Bennett's decision is that nonparties in this district now may be hauled into court in any district listed on a subpoena, even if the subpoenaed nonparties have no connection to that district and regardless of whether that district falls outside the geographic boundaries imposed by Rule 45(c)(2)(A). Given this consequential outcome, Owlet respectfully submits that any ruling on a subpoena's proper place of compliance under Rule 45 should be first tested through the adversarial process.

> B. The Limitations of DUCivR 37-1 Prevented Owlet From Addressing the Issue of the Subpoena's Proper Place of Compliance

Reconsideration is appropriate here because Owlet could not have adequately addressed the issue of the subpoena's proper place of compliance within the confines of DUCivR 37-1. Although "motion[s] for reconsideration . . . are inappropriate vehicles to reargue an issue

---

[4] Under DUCivR 37-1(a)(6), the deadline for Masimo's opposition was February 24, 2021, five business days after Owlet filed its Motion to Quash.

previously addressed by the court when [they] merely advance new arguments . . . available at the time of the original motion," they are proper when they advance grounds that were "not . . . available at the time the first motion was filed." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

In this case, due to DUCivR 37-1's 500-word limit, arguments concerning this Court's jurisdiction were not available when Owlet filed its Motion to Quash. Under DUCivR 37-1, Owlet had only 500 words to raise three substantive objections to Masimo's subpoena and provide the background necessary to evaluate those objections. Owlet's good-faith effort to comply with DUCivR 37-1's word count thus effectively precluded it from addressing the issue of the subpoena's proper place of compliance, and that issue had not been raised as an objection by Masimo because Masimo had not responded to Owlet's meet and confer correspondence. Moreover, even if Owlet had raised this issue, it could not have adequately addressed it, along with the other substantive objections, within the 500 word limit. Accordingly, because the circumstances and Owlet's good faith effort to comply with DUCivR 37-1 precluded substantive briefing on this important issue, the Court should reconsider its Order and allow substantive briefing.

    **II.**    **Under the Text and Purpose of Rule 45, a Subpoena's Proper Place of Compliance is the Location Where the Respondent Resides**

If the Court is inclined to accept substantive briefing, it should, upon reconsideration, find that a subpoena's place of compliance is not the location identified on the subpoena, but the location where the subpoenaed party resides. "[R]econsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Owlet respectfully submits that the Court misapprehended the controlling law at issue here, which is Federal Rule of Civil Procedure 45.

The text and purpose of Rule 45 both demonstrate that a subpoena's place of compliance is the location where a subpoenaed party resides.

Rule 45 is designed to protect local nonparties from being hauled into foreign courts. The Rule's text accomplishes this by only allowing a subpoena's place of compliance to be "within 100 miles of where the [subpoenaed] person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(2)(A).  The Rule then ensures local resolution of subpoenas by mandating that "the court for the district where compliance is required . . . quash or modify a subpoena" that does not comply with the Rule's geographical limitations.  Fed. R. Civ. P. 45(d)(3)(A)(ii); *see also Agincourt Gaming, LLC v. Zynga, Inc.*, 2014 WL 4079555, at *4 (D. Nev. Aug. 15, 2014) (explaining that "[t]he text of [Rule 45] does not provide for an alternative basis for the Court to find that the place of compliance is not tethered to the subpoenaed person's location, but rather could be found to be some other district . . . where the subpoenaed party" is purportedly required to comply).

Indeed, the Rule's Advisory Committee Notes make clear that the respondent's location is the proper place of compliance because it is the place that best protects local nonparties.  As the committee notes explain, "[t]o protect local nonparties, local resolution of disputes is _assured_ by the [geographical] limitations of Rule 45(c) and the requirements in Rule 45(d) and (e) that motions be made in the court in which compliance is required _under Rule 45(c)_."  Fed. R. Civ. P. 45 advisory committee's note to 2013 amendment (emphasis added).  "The _prime concern_ should be avoiding burdens on local nonparties subject to subpoenas."  *Id.* (emphasis added).

But this "purpose of protecting nonparties is defeated if a party could demand compliance in a location more than 100 miles from where the nonparty resides . . . and still require the nonparty to adjudicate a dispute over that subpoena in a distant forum." *Raap v. Brier & Thorn,*

*Inc.*, No. 17-MC-3001, 2017 WL 2462823, at *3 (C.D. Ill. Jul. 7, 2017).  In other words, a ruling that the proper place of compliance is "the location where documents will be produced," Order, p. 2, exacerbates, rather than mitigates, the "prime concern" of "avoiding burdens on local nonparties." Fed. R. Civ. P. 45 advisory committee's note to 2013 amendment.

      Owlet's case illustrates how, rather than "assur[ing]" the local resolution of subpoena disputes, the Order would allow parties free reign to force local nonparties into any court listed on a subpoena. *Id.*  As Owlet explains in its Motion to Quash, Masimo's subpoena is facially defective because it requires compliance in Irvine, California, over 100 miles from where Owlet resides or regularly conducts business in person, thereby violating Rule 45(c)(2)(A).  In other words, the place of compliance specified on the face of the subpoena is mistaken and improper. But unless this Court reconsiders its Order, Owlet must defend this facially defective subpoena in the Central District of California at greater burden and expense—despite the fact that Owlet has no connection with this forum, has limited experience with its local discovery rules, and would have to incur the additional expense of local counsel.  And Owlet must do so simply because Masimo chose to improperly list a California address instead of a Utah address on its subpoena.  By letting Masimo get away with this, the Order (along with the ruling in *ACI Construction*) signals to out-of-state parties that they may force nonparties headquartered in the District of Utah to appear in any district in the country, provided that the district is listed on the subpoena.  Because this runs contrary to the text and purpose of Rule 45, which should protect local nonparties from litigating subpoenas in distant forums, the Court should reconsider its Order and find that a respondent's location is the proper place of compliance.

      Moreover, because courts unevenly enforce Rule 45's geographical limits, the quashing of a facially defective subpoena like Masimo's is not always guaranteed when the subpoena

8

requests electronically-stored information. Ideally, under Magistrate Judge Bennett's ruling, a court in the district where production is commanded would quash any subpoena violating Rule 45's geographic limitations and require it to be reissued in the proper district. Although many courts do this reflexively, *see, e.g., RSUI Indemnity Co*, 2020 WL 4194256, others—including those in the same district—decline to find a "violation of the 100-mile limitation" when "the information can be produced electronically." *Curtis v. Progressive Northern Ins. Co.*, No. CIV-17-1076-C, 2018 WL 2976432, at *2 (W.D. Okla. Jun. 13, 2018); *see also Cartessa Aesthetics, LLC v. Aesthetics Biomed. Incorp.*, No. CV-19-05827-PHX-DWL, 2020 WL 5846603, at *1 (D. Ariz. Oct. 1, 2020) (collecting cases holding that Rule 45(c)(2)(A)'s geographic limits do not apply where "the subpoenaed person is not instructed to also appear with the production along with the requested documents"). Accordingly, under the Court's Order, a party in one of these districts can subvert Rule 45's geographic limits and potentially deprive a nonparty of any opportunity for local resolution, despite the fact that local resolution is one of Rule 45's "prime concern[s]."

Finally, as a practical matter, the Central District of California is split on this issue and Owlet may end up pinging back-and-forth between districts. Some courts in that district share Magistrate Judge Bennett's original view. *See, e.g., Klein v. Gordon*, No. SACV 17-0123-AB, 2018 WL 5099504, at *2 (C.D. Cal. 2018) (finding that it "lack[ed] jurisdiction" over subpoenas that "demanded production of documents in New York City"). But others hold that the respondent's location is the proper place of compliance. *See, e.g., Europlay Capital Advisors, LLC v. Does*, 323 F.R.D. 628, 629 (C.D. Cal. 2018) (finding "no jurisdiction over" a motion to compel where the subpoena "commanded production" in the Central District of California but the respondent resided in the Northern District). Therefore, if Owlet refiles its Motion to Quash

in the Central District of California, it could end up simply being sent back to Utah. But should this Court decide that a respondent's location is the proper place of compliance, local nonparties like Owlet can rely on a clean, simple rule: their subpoena disputes will be resolved in the District of Utah because that is where compliance is required under Rule 45.

In sum, Owlet respectfully asks this Court to reconsider its Order and hold that a subpoena respondent's location is the proper place of compliance under Rule 45. This conclusion aligns with Rule 45's text and purpose and promotes consistent resolution of subpoena disputes.

## CONCLUSION

For the foregoing reasons, Owlet respectfully asks this Court to reconsider its Order, direct Masimo to respond to Owlet's current Motion with substantive briefing, and rule that the District of Utah is the proper place of compliance for Masimo's subpoena. Should the Court grant Owlet's request, Owlet further asks this Court to order Masimo to respond to Owlet's Motion to Quash within five business days thereafter, as required by DUCivR 37-1, and ultimately rule in Owlet's favor for the reasons set forth in that Motion.

DATED this 26th day of February, 2021.

        MANNING CURTIS BRADSHAW
        & BEDNAR PLLC

        /s/ Jess M. Krannich
        Jess M. Krannich
        Michael E. Harmond

        *Attorneys for Petitioner*
        *Owlet Baby Care, Inc.*

**CERTIFICATE OF SERVICE**

  I hereby certify that on the 26th day of February, 2021, a true and correct copy of the foregoing **MOTION TO REOPEN CASE AND RECONSIDER ORDER DENYING OWLET'S MOTION TO QUASH WITHOUT PREJUDICE** was served upon the following counsel of record via the method indicated below.

|  |  |
|---|---|
| \_\_\_HAND DELIVERY | Perry D. Oldham |
| \_\_\_U.S. MAIL | Knobbe, Martens, Olson & Bear, LLP |
| \_\_\_FAX TRANSMISSION | 2040 Main St., 14th Fl. |
|  X  E-MAIL TRANSMISSION | Irvine, CA 92614 |
| \_\_\_CM/ECF | perry.oldham@knobbe.com |

                *Attorney for Respondents*

                /s/ Jess M. Krannich