James T. Burton (Utah Bar. No. 11875)
jburton@kmclaw.com
Joshua S. Rupp (Utah Bar No. 12647)
jrupp@kmclaw.com
**KIRTON|MCCONKIE PC**
36 S. State Street, Suite 1900
Salt Lake City, Utah 84111
Telephone:  (801) 328-3600
Facsimile:  (801) 321-4893

Stephen C. Jensen (Cal. Bar No. 149894)*
stephen.jensen@knobbe.com
Perry D. Oldham (Cal. Bar No. 216016)*
perry.oldham@knobbe.com
Brian C. Claassen (Cal. Bar No. 253627)*
brian.claassen@knobbe.com
**KNOBBE, MARTENS, OLSON
 & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA  92614
Telephone:  (949)-760-0404
Facsimile:  (949)-760-9502

*Admitted *Pro Hac Vice*

Attorneys for Respondents,
Masimo Corporation and Cercacor Laboratories, Inc.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| OWLET BABY CARE, INC.,<br><br>                    Petitioner,<br><br>vs.<br><br>MASIMO CORPORATION and CERCACOR LABORATORIES, INC.,<br><br>                    Respondents. | Case No. 2:21-mc-00096-TS (JCB)<br><br>**RESPONDENTS MASIMO CORPORATION AND CERCACOR LABORATORIES, INC.'S OPPOSITION TO THIRD PARTY OWLET BABY CARE, INC.'S MOTION TO REOPEN THE CASE AND RECONSIDER THE ORDER DENYING OWLET'S MOTION TO QUASH WITHOUT PREJUDICE**<br><br>**[ELECRONICALLY FILED]**<br><br>Judge Ted Stewart<br>Magistrate Judge Jared C. Bennett |

**TABLE OF CONTENTS**

Page No.

I. INTRODUCTION ................................................................................................................ 1

II. ARGUMENT ....................................................................................................................... 3

    A. Owlet's Motion to Reopen Does Not Present the Narrow Circumstances Justifying Reconsideration of Judge Bennett's Discovery Order. ............................................................................................... 3

        1. Owlet Provides No Recognized Basis for Adversarial Briefing .......... 3

        2. Owlet's Compliance with DUCivR 37-1 did not Prevent Owlet from Addressing This Court's Jurisdiction. ............................. 5

    B. Even if the Court Grants Owlet's Motion to Reopen, this Court Should Affirm Judge Bennett's Order Because the District of Utah Does Not Have Jurisdiction. ............................................................................ 6

III. CONCLUSION .................................................................................................................... 8

# TABLE OF AUTHORITIES

Page No(s).

*ACI Constr., LLC, v. U.S.*,
   No. 1:19-cv-00054-JNP-JCB, 2021 WL 662392 (D. Utah Feb. 19, 2021) ....................... 4

*Adams v. Symetra Life Ins. Co.*,
   Case No. MC-19-401-EFM-ADM, 2020 WL 489523 (D. Kan. Jan. 28, 2020) ........ 4, 5, 7

*Bank of Waunakee v. Rochester Cheese Sales, Inc.*,
   906 F.2d 1185 (7th Cir. 1990) ....................................................................................... 3

*Chartwell Staffing Servs. Inc. v. Atl. Sols. Grp. Inc.*,
   Case No. 8:19-cv-00642-JLS-JDE, 2019 WL 2177262
   (C.D. Cal. May 20, 2019) .............................................................................................. 1

*Collins v. Koch Foods, Inc.*,
   No. MC 119-008, 2019 WL 2520308 (S.D. Ga. June 18, 2019) ..................................... 8

*CSS, Inc. v. Herrington*,
   354 F. Supp. 3d 702 (N.D. Tex. 2017) ................................................................... 4, 5, 7

*Mallinckrodt, Inc. v. Masimo Corp.*,
   147 Fed. App'x 158 (Fed. Cir. 2005) ............................................................................. 1

*Masimo Corp. v. Philips Elec. N. Am. Corp.*,
   C.A. No. 09-80-LPS, 2015 WL 2379485 (D. Del. May 18, 2015) .................................. 1

*Montoya v. Chao*,
   296 F.3d 952 (10th Cir. 2002) .................................................................................. 6, 8

*Raap v. Brier & Thorn, Inc.*,
   No. 17-MC-3001, 2017 WL 2462823 (C.D. Ill. Jul. 7, 2017) .......................................... 5

*RSUI Indem. Co. v. Nat'l Rifle Ass'n of Am.*,
   Case No. MC-20-6-D, 2020 WL 4194526 (W.D. Okla. July 21, 2020) ....................... 4, 7

*In re SBN Fog Cap II LLC*,
   562 B.R. 771 (D. Colo. 2016) ........................................................................................ 4

*Servants of the Paraclete v. Does*,
   204 F.3d 1005 (10th Cir. 2000) ......................................................................... 2, 3, 5, 6

*Utah Republican Party v. Herbert*,
   No. 2:14-cv-00876-DN-DBP, 2015 WL 1954639 (D. Utah Apr. 29, 2015),
   *aff'd*, Case No. 2:14-CV-00876-DN-DBP, 2015 WL 13036889
   (D. Utah June 10, 2015) ............................................................................................ 3, 4

*Van Skiver v. U.S.*,
   952 F.2d 1241 (10th Cir. 1991) ..................................................................................... 5

## TABLE OF AUTHORITIES
**(*cont'd*)**

**Page No(s).**

*Warren v. Am. Bankers Ins. of Fl.*,
  507 F.3d 1239 (10th Cir. 2007) ............................................................................... 3

*Whittington v. Taco Bell of Am., Inc.*,
  Civil Action No. 10-cv-01884-KMT-MEH, 2012 WL 3705046
  (D. Colo. Aug. 27, 2012) ................................................................................. 3, 4

### OTHER AUTHORITIES

California Uniform Trade Secrets Act .............................................................................. 1

Defend Trade Secrets Act ................................................................................................ 1

Federal Rules of Civil Procedure 45 ...................................................................... *passim*

Federal Rules of Civil Procedure 59 ............................................................................... 3

Federal Rules of Civil Procedure 60 ............................................................................... 3

Respondents Masimo Corporation and Cercacor Laboratories, Inc. ("Respondents") oppose Third Party Owlet Baby Care's ("Owlet") Motion to Reopen the Case and Reconsider the Order Denying Owlet's Motion to Quash without Prejudice ("Motion to Reopen").[1]

## I. INTRODUCTION

Masimo is a developer and manufacturer of pioneering medical technology who revolutionized noninvasive monitoring of physiological parameters, such as pulse rate, arterial oxygen saturation, and many others. *See Mallinckrodt, Inc. v. Masimo Corp.*, 147 Fed. App'x 158, 176-77 (Fed. Cir. 2005). In 2015, one district court found "an entire industry—other than Philips [the defendant] and one Chinese company—took licenses from Masimo for innovative technology that saved thousands of lives and billions of dollars in healthcare costs." *Masimo Corp. v. Philips Elec. N. Am. Corp.*, C.A. No. 09-80-LPS, 2015 WL 2379485, at *19 (D. Del. May 18, 2015). In 1998, Masimo spun off certain technologies into a company now known as Cercacor. Both companies have headquarters in the Central District of California.

A former employee, Marcelo Lamego, was a long-time engineer at Masimo and then became the Chief Technical Officer for Cercacor. Lamego is now using Respondents' trade secrets at True Wearables, Inc., a company he founded to compete with Respondents. *See* Owlet's Motion to Quash, Ex. A, Addendum 2 (Masimo Complaint).[2] Lamego lives, and his company is based, in the Central District of California. Respondents sued Lamego and True Wearables in the Central District of California.

Under the California Uniform Trade Secrets Act and Defend Trade Secrets Act, a trade secret is information that is valuable because it is not generally known and the owner took reasonable measures to maintain secrecy. *Chartwell Staffing Servs. Inc. v. Atl. Sols. Grp. Inc.*, Case No. 8:19-cv-00642-JLS-JDE, 2019 WL 2177262, at *5 (C.D. Cal. May 20, 2019).

---

[1] ECF No. 6.

[2] ECF No. 2-1.

Respondents issued non-party subpoenas to show that the information taken by Marcelo Lamego was not generally known.  Masimo issued one such non-party subpoena (the "Subpoena") on Owlet.  In response to the Subpoena, Owlet filed its Discovery Statement and Motion to Quash Subpoena ("Motion to Quash")[3].  In an Order dated February 23, 2021 (the "Order")[4], Magistrate Judge Bennett denied Owlet's Motion to Quash without prejudice, finding the District of Utah lacked jurisdiction because the Central District of California is the court "where compliance with the Subpoena is required."  Order, p.2.

Respondent's counsel made numerous attempts to arrange a discussion with Owlet's counsel regarding the Subpoena, and finally reached an agreement that the parties would confer on February 26.  Oldham Decl. Ex. 1.  Rather than have that discussion, Owlet filed the present motion on February 26.

In its Motion to Reopen, Owlet claims "arguments concerning this Court's jurisdiction were not available" in its original motion.  Motion to Reopen, p.6.  But Owlet did raise the issue, and provided its adversarial briefing, in the original motion.  Motion to Quash at 3.  A desire for additional space in the original motion, however, is not a recognized basis for seeking reconsideration.  Only three narrow circumstances, if any, warrant reconsideration: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."  *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  Regardless, both the statutory text and the majority of district courts agree that the proper place of compliance under Rule 45 is the location stated on the subpoena.

---

[3] ECF No. 2.

[4] ECF No. 5.

## II.  ARGUMENT

A.  **Owlet's Motion to Reopen Does Not Present the Narrow Circumstances Justifying Reconsideration of Judge Bennett's Discovery Order.**

Judge Bennett found the District of Utah lacked jurisdiction to address Owlet's Motion to Quash because "the place of compliance under Rule 45 is the location where the documents will be produced." Order, p.2.  Owlet requests that this Court reconsider this Order pursuant to Federal Rules of Civil Procedure 59(e) and 60(b).

"Motions to reconsider, [to] the extent such motions are recognized, are disfavored." *Utah Republican Party v. Herbert*, No. 2:14-cv-00876-DN-DBP, 2015 WL 1954639, at *1 (D. Utah Apr. 29, 2015), *aff'd*, Case No. 2:14-CV-00876-DN-DBP, 2015 WL 13036889 (D. Utah June 10, 2015) (citations omitted).  "Because the conditions that justify granting a motion to reconsider are rarely present, such motions are disfavored and should be equally rare." *Whittington v. Taco Bell of Am., Inc.*, Civil Action No. 10-cv-01884-KMT-MEH, 2012 WL 3705046, at *2 (D. Colo. Aug. 27, 2012) (citing *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)); *see also Warren v. Am. Bankers Ins. of Fl.*, 507 F.3d 1239, 1243 (10th Cir. 2007) (stating that for twenty years, the Tenth Circuit has "admonished counsel that the Federal Rules of Civil Procedure do not recognize that creature known all too well as the 'motion to reconsider' or 'motion for reconsideration.'").

### 1.  **Owlet Provides No Recognized Basis for Adversarial Briefing**

Owlet does not suggest that it has uncovered new evidence previously unavailable.  Instead, Owlet argues reconsideration may be appropriate because "the Court misapprehended the controlling law at issue . . . ." Motion to Reopen, p.6 (citing *Servants of Paraclete*, 204 F.3d at 1012).  Owlet also argues, incorrectly, that the Court ruled without adversarial input.  Motion to Reopen, p.5.  To the contrary, Owlet provided adversarial briefing with its Motion to Quash.

Further, the lack of adversarial briefing is not one of the narrow circumstances in which a motion for reconsideration of a discovery order is appropriate.  *See Servants of the Paraclete*, 204

F.3d at 1011-1012.  Owlet does not point to any case law where the lack of adversarial briefing justified a motion to reconsider.  *See Utah Republican Party v. Herbert*, 2015 WL 1954639, at *1 (citations omitted) (requiring the moving party to "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision[]" to justify reconsideration based on clear error or manifest injustice).  Instead, for reconsideration to be appropriate, the Court's alleged misapprehension must be "extraordinary" and a motion to reconsider "should be denied unless it clearly demonstrates manifest error of law."  *Whittington*, 2012 WL 3705046, at *2 (internal citations omitted).  Owlet fails to acknowledge the standard, much less meet it.

      Here, nothing suggests that Judge Bennett's Order—finding the proper place of compliance under Rule 45 is California—amounts to a manifest error of law.  To the contrary, Rule 45(d)(3)(A) specifically calls for motions to quash to be considered by "the court for the district where compliance is required."  Here, the Subpoena called for production in Irvine, California, which lies in the Central District of California.

      District Courts in the Tenth Circuit have routinely found the proper place for compliance under Rule 45 to be the place stated on the subpoena.  *See, e.g.*, *RSUI Indem. Co. v. Nat'l Rifle Ass'n of Am.*, Case No. MC-20-6-D, 2020 WL 4194526, at *1 (W.D. Okla. July 21, 2020) (collecting cases) (finding "the district where compliance is required is determined by the location or place of compliance identified in the subpoena."); *Adams v. Symetra Life Ins. Co.*, Case No. MC-19-401-EFM-ADM, 2020 WL 489523, at *2 (D. Kan. Jan. 28, 2020) (citing *CSS, Inc. v. Herrington*, 354 F. Supp. 3d 702, 709 (N.D. Tex. 2017)) (same); *In re SBN Fog Cap II LLC*, 562 B.R. 771, 775 (D. Colo. 2016) (same); *ACI Constr., LLC, v. U.S.*, No. 1:19-cv-00054-JNP-JCB, 2021 WL 662392, at *1 (D. Utah Feb. 19, 2021) (same).

      The Court in *Adams* acknowledged a few instances where other Courts concluded differently, but noted those Courts relied on Rule 45(c), "which provides that a subpoena may command production 'at a place within 100 miles of where the person resides, is employed, or

regularly transacts business in person." *Adams*, 2020 WL 489523, at *2. Here, Owlet is asking for a much narrower interpretation: "the location where the subpoenaed party resides." Motion to Reopen, p.6. Owlet's approach would strip from Rule 45 the questions of where the person is employed or regularly transacts business in person.[5]

Numerous Owlet-affiliated individuals appear to regularly transact business in person within 100 miles of the location specified for production. *See, e.g.*, Oldham Decl. ¶¶ 3-7. Owlet provided the declaration of its General Counsel with its Motion to Quash, but that declaration was void of any evidence to support a claim that Owlet does not regularly transact business in person within 100 miles of the designated place for production in the Central District of California. Motion to Quash, Ex. B. Owlet's Motion to Reopen also lacks such evidence.

Courts disfavor Owlet's approach because it requires that "a district court resolving a motion to quash a subpoena or to compel compliance must 'first resolve a substantive geographical limits issue under Rules 45(c) simply to decide if it is the court with authority to decide' the motion." *Adams*, 2020 WL 489523, at *2 (citing *CSS, Inc.*, 354 F. Supp. 3d at 709). Deciding a Rule 45(c) issue without any briefing before ruling on a Rule 45(d) motion is impractical. *See id.*

2. **Owlet's Compliance with DUCivR 37-1 did not Prevent Owlet from Addressing This Court's Jurisdiction.**

Motions for reconsideration may not be used "to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of Paraclete*, 204 F.3d at 1012. "Absent extraordinary circumstances . . . the basis for the second motion must not have been available at the time the first motion was filed." *Id.*; *see also Van Skiver v. U.S.*, 952 F.2d 1241, 1242–44 (10th Cir. 1991) (affirming that "advancing new arguments or supporting facts which were otherwise available for presentation when the original . . . motion was briefed" is "inappropriate") (internal quotation marks and citations omitted).

---

[5] *Raap v. Brier & Thorn, Inc.* recognizes the "employed" and "regularly transacts business in person" standards, but Owlet ignores those in its quotation. Motion to Reopen, p. 7 (quoting *Raap v. Brier & Thorn, Inc.*, No. 17-MC-3001, 2017 WL 2462823, at *3 (C.D. Ill. Jul. 7, 2017).

Here, Owlet contends arguments concerning jurisdiction "were not available" in the Motion to Quash due to DUCivR 37-1's 500-word limit. *See* Motion to Reopen, p.6. However, nothing prevented Owlet from addressing this threshold question—an issue that must be addressed before the substantive objections can be entertained. *See Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002) ("Jurisdiction is a threshold question that a federal court must address before reaching the merits of a statutory question, even if the merits question is more easily resolved and the party prevailing on the merits would be the same as the party that would prevail if jurisdiction were denied.") The 500-word limit imposed no restriction on Owlet from introducing evidence that it does not regularly transact business in person within 100 miles of the Central District, which it still has not done in full briefing.

Indeed, in its Motion to Quash, Owlet *did* address the geographical limitations of Rule 45 to argue the Subpoena was "facially defective." *See* Motion to Quash, p.3 (citing Fed. R. Civ. P. 45(d)(3)(A)(ii)). But, Owlet submitted no evidence. Rule 45(d)(3)(A)(ii) articulates the jurisdictional requirement that "the court for the district where compliance is required must quash" a defective subpoena. Because this jurisdictional argument was raised in prior briefing, Owlet's Motion to Reopen should be denied. *See Servants of Paraclete*, 204 F.3d at 1012.

B. **Even if the Court Grants Owlet's Motion to Reopen, this Court Should Affirm Judge Bennett's Order Because the District of Utah Does Not Have Jurisdiction.**

This Court lacks jurisdiction over Owlet's Motion to Quash because the plain language of Rule 45 specifies the court for enforcement as the court that is located where compliance with the subpoena is required.

Under Fed. R. Civ. P. 45(d)(3)(A)(ii) "the court for the district where compliance is required must quash or modify a subpoena" that "requires a person to comply beyond the geographical limits specified in Rule 45(c)." "The very notion of complying 'beyond' [Rule 45(c)'s] 100-mile radius measured from where the person lives or works necessarily links compliance with the location where the documents are to be sent[]"—i.e., the location on the

subpoena. *See* 1 Steven S. Gensler & Lumen N. Mulligan, *Federal Rules of Civil Procedure, Rules and Commentary: Rule 45. Subpoena*, at n.55 (Feb. 2021). The Advisory Committee notes further link the place of compliance to the location on the subpoena, not the location measured by Rule 45(c), "[u]nlike the prior rule, place of service is not critical to place of compliance." Fed. R. Civ. P. 45(c) advisory committee's notes to 2013 amendment. Thus, "the place of compliance under Rule 45 is the location where the documents will be produced." Order, p.2.

"Most courts agree that the district where compliance is required is determined by the location or place of compliance identified in the subpoena." *RSUI Indem. Co.*, 2020 WL 4194526, at *1 (collecting cases); *see also Adams*, 2020 WL 489523, at *2–3 (collecting cases) (addressing the problems with ruling otherwise before agreeing with "most courts" that "the district where compliance is required is determined by the location or place of compliance identified on the subpoena."). Ruling otherwise would require the district court resolving a motion to quash to "'first resolve a substantive geographical limits issue under Rules 45(c) simply to decide if it is the court with authority to decide' the motion—including a 'motion to quash for violating Rule 45(c) [ ] in the first place.'" *Adams*, 2020 WL 489523, at *2 (citing *CSS, Inc.*, 354 F. Supp. 3d at 709) (omission in original). It is "the least impractical for a court to be required to formally decide if the nonparty . . . wins a Rule 45(c) issue on a Rule 45(d) motion in order to determine whether the court actually can decide which side prevails on the motion on that or any other issue." *CSS, Inc.*, 354 F. Supp. 3d at 709. "Therefore, when the court must initially determine where the motion must be filed, 'the place named in the subpoena . . . is the place where compliance is required.'" *Adams*, 2020 WL 489523, at *2 (citing *CSS, Inc.*, 354 F. Supp. 3d at 709–10).

Moreover, Owlet's alleged concern that ruling otherwise would result in greater burden and expense is of no merit. This Circuit has held "[j]urisdiction is a threshold question that a federal court must address before reaching the merits of a statutory question, even if the merits question is more easily resolved and the party prevailing on the merits would be the same as the

party that would prevail if jurisdiction were denied." *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002). Owlet's alleged burden and expense does not address the lack of jurisdiction.

Further, determining the location of compliance to be the place listed on the subpoena does not disrupt the "prime concern" of Rule 45. Nothing will prevent Owlet from filing its Motion to Quash in the Central District of California[6] should Owlet believe the Subpoena is defective. If the Subpoena is defective, the Central District of California will be required to quash or modify it under Rule 45(d)(3)(A)(ii), alleviating the burdens on nonparties. *See* Fed. R. Civ. P. 45(c) advisory committee's notes to 2013 amendment. For these reasons, this Court should adopt "[t]he prevailing rule across federal courts [ ] that a subpoena's place of compliance is the district where documents are to be produced." *Collins v. Koch Foods, Inc.*, No. MC 119-008, 2019 WL 2520308, at *2 (S.D. Ga. June 18, 2019).

### III.  CONCLUSION

For the reasons above, Owlet's Motion to Reopen should be denied.

Respectfully submitted,

Dated: March 12, 2021

By: */s/ Joshua S. Rupp*
James T. Burton (Bar. No. 11875)
jburton@kmclaw.com
Joshua S. Rupp (Bar No. 12647)
jrupp@kmclaw.com
**KIRTON|MCCONKIE PC**
36 S. State Street, Suite 1900
Salt Lake City, Utah 84111
Telephone: (801) 328-3600
Facsimile: (801) 321-4893

---

[6] Owlet contends that the Central District of California is split on this issue and therefore, Owlet could end up being sent back to Utah. This hypothetical argument does not alter whether this Court has jurisdiction in the first instance. *See Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002).

Stephen C. Jensen (Cal. Bar No. 149894)*
stephen.jensen@knobbe.com
Perry D. Oldham (Cal. Bar No. 216016)*
perry.oldham@knobbe.com
Brian C. Claassen (Cal. Bar No. 253627)*
brian.claassen@knobbe.com
**KNOBBE, MARTENS, OLSON**
 **& BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA  92614
Telephone:  (949)-760-0404
Facsimile:  (949)-760-9502

*Admitted *Pro Hac Vice*

Attorneys for Respondents,
Masimo Corporation and Cercacor Laboratories, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 12th day of March, 2021, I caused a copy of the foregoing to be filed using the Court's electronic filing system which provides service to all counsel of record.

*/s/ Joshua S. Rupp*