# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| **OWLET BABY CARE, INC.,** | **MEMORANDUM DECISION AND ORDER** |
| Petitioner, | |
| v. | Case No. 2:21-mc-00096-TS-JCB |
| **MASIMO CORPORATION and CERCACOR LABORATORIES, INC.,** | District Judge Ted Stewart |
| Respondents. | Magistrate Judge Jared C. Bennett |

District Judge Ted Stewart referred this matter to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(A).[1]  Before the court is Petitioner Owlet Baby Care, Inc.'s ("Owlet") Motion to Reopen Case and Reconsider Order Denying Owlet's Motion to Quash Without Prejudice ("Motion").[2]  The court has carefully reviewed the parties' written memoranda.  Under DUCivR 7-1(f), the court concludes that oral argument is not necessary and, therefore, decides the Motion on the written memoranda.  Based upon the analysis set forth below, the Motion is denied.

## BACKGROUND

Owlet is a Delaware corporation with its principal place of business in Utah.  Respondents Masimo Corporation and Cercacor Laboratories, Inc. (collectively, "Respondents")

---

[1] ECF No. 7.

[2] ECF No. 6.

are plaintiffs in an action in the United States District Court for the Central District of California. On January 19, 2021, Respondents issued a nonparty subpoena to Owlet in that action ("Subpoena"). The Subpoena required Owlet to produce certain documents to Respondents on February 18, 2021. The Subpoena asserts that the place of compliance is the Central District of California because the Subpoena directed Owlet to produce the documents to Respondents' counsel's office, which is located in that district.

On February 17, 2021, Owlet filed a motion in this court to quash the Subpoena under Fed R. Civ. P. 45(d)(3).[3] Prior to the deadline for any response to that motion, the court denied the motion without prejudice in a February 23, 2021 Order ("February 23 Order").[4] In the February 23 Order, the court noted the relevant language from Rule 45(d)(3)(A)-(B) stating that a motion to quash a subpoena must be brought in "the court for the district where compliance is required." The court went on to conclude that "[f]or a document subpoena, the place of compliance under Rule 45 is the location where the documents will be produced."[5] Based upon that conclusion, the court determined that the District of Utah is not the district of compliance for the Subpoena because the Subpoena required Owlet to produce documents at a location in California. Therefore, the court denied Owlet's motion to quash without prejudice to refiling in

---

[3] ECF No. 2.

[4] ECF No. 5.

[5] *Id*. at 2 (citing *RSUI Indem. Co. v. Nat'l Rifle Ass'n of Am.*, No. MC-20-6-D, 2020 WL 4194526, at *1 (W.D. Okla. July 21, 2020) (considering a Rule 45 motion to quash a document subpoena and citing several cases for the proposition that "[m]ost courts agree that the district where compliance is required is determined by the location or place of compliance identified in the subpoena")).

the district where compliance with the Subpoena is required, namely, the Central District of California. Based upon that ruling, this action was terminated and closed.

On February 26, 2021, Owlet filed the Motion, in which Owlet argues that the court should reopen this case and reconsider its conclusion in the February 23 Order that the district of compliance is dictated by the place of compliance stated in a subpoena. Owlet contends that reconsideration is appropriate because the court "misapprehended the controlling law at issue here, which is Federal Rule of Civil Procedure 45."[6] Owlet asserts that "[t]he text and purpose of Rule 45 both demonstrate that a subpoena's place of compliance is the location where the subpoenaed party resides,"[7] which for Owlet is the District of Utah. Respondents oppose Owlet's motion.[8]

## LEGAL STANDARDS

Rule 45(d)(3)(A)-(B) provides the standards for quashing or modifying a subpoena. Rule 45(d)(3)(A) provides the circumstances in which a subpoena "must" be quashed or modified while Rule 45(d)(3)(B) provides the circumstances in which a subpoena "may" be quashed or modified. Under either of these subsections, the only court that is permitted to quash or modify a subpoena is the court that is located in "the district where compliance is required."[9] Thus, the threshold determination that a court must consider before quashing or modifying a subpoena is

---

[6] ECF No. 6 at 6.

[7] *Id*. at 7.

[8] ECF No. 14.

[9] Fed. R. Civ. P. 45(d)(3)(A)-(B).

whether it or another court is "the district where compliance is required."  Owlet contends that "the district where compliance is required" is the District of Utah while Respondents contend that the compliance district is the Central District of California, which also issued the Subpoena.

## ANALYSIS

Based upon the following analysis, the court concludes that Owlet has not established a valid basis for reconsideration of the February 23 Order.  Owlet argues that the court should reconsider the February 23 Order because the court misapprehended controlling law.  "A motion for reconsideration is not specifically provided for in the rules of civil procedure."[10]  However, it is within the court's discretion to reconsider a previous order.[11]

> Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.  Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law.[12]

Owlet's sole argument supporting its request for reconsideration is that the court misapprehended controlling law.  Importantly, however, Owlet does not identify any binding precedent that should have guided the court's decision in the February 23 Order.  To the contrary, the Motion states that "district courts across the county—including within the Tenth Circuit— have split on whether a subpoena's place of compliance, and thus the forum to resolve related

---

[10] *Lacefield v. Big Planet*, No. 2:06-CV-844 DB, 2008 WL 2661127, at *1 (D. Utah July 3, 2008).

[11] *Anderson v. Deere & Co.*, 852 F.2d 1244, 1246 (10th Cir. 1988).

[12] *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted).

4

discovery disputes, is the district where the respondent resides or the location identified on the subpoena."[13] Without any binding precedent, the court cannot see how it misapprehended controlling law. Instead, it appears that Owlet simply disagrees with the court's ruling in the February 23 Order, which is not a proper basis for reconsideration.[14] That alone provides a basis for denying the Motion.

In addition to failing to provide any binding precedent that this court's February 23 Order purportedly violated, Owlet fails to provide any persuasive authority showing that this court has the ability to quash the Subpoena, especially where, as here, the Central District of California issued the Subpoena and clearly believes that it is the district of compliance. Rule 45 allows only "the district where compliance is required"[15] to quash or modify a subpoena even when that subpoena is issued by another court.[16] This procedure works well when the parties do not dispute which court is "the district where compliance is required." However, where, as here, the parties dispute which is "the district where compliance is required," Rule 45 provides no

---

[13] ECF No. 6 at 4.

[14] *Lacefield*, 2008 WL 2661127, at *1 ("[A] party seeking reconsideration must show more than a disagreement with the [c]ourt's decision . . . ."); *SCO Grp., Inc. v. Novell, Inc.*, No. 2:04CV139DAK, 2007 WL 2746953, at *1 (D. Utah Sept. 14, 2007) ("A motion to reconsider must be made upon grounds other than a mere disagreement with the court's decision . . . .").

[15] Fed. R. Civ. P. 45(d)(3)(A)-(B).

[16] Rule 45 also allows the compliance district to transfer the motion to quash or modify back to the issuing district under special circumstances. Fed. R. Civ. P. 45(f). However, even the decision to transfer belongs to "the court where compliance is required." *Id*. Rule 45(f) does not provide which of two or more possible courts where compliance is required gets to decide which is the compliance court.

assistance. Indeed, Rule 45 is silent on which court (i.e., the issuing court or the purported compliance district) gets to decide which is "the district where compliance is required."

Because neither Rule 45 nor any other rule in the Federal Rules of Civil Procedure provides a procedure for deciding a disputed issue of which court is "the district where compliance is required," the court looks to principles of judicial comity. When considering principles of comity,

> [f]ederal courts have recognized that, as courts of coordinate jurisdiction and equal rank, they must be careful to avoid interfering with each other's affairs in order "to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result."[17]

This court considers Rule 45 subpoenas as if they were the functional equivalent of court orders because Rule 45(g) allows for contempt sanctions to be imposed for failure to comply with a subpoena even if the court did not formally order a party to comply. Disobeying the issuing court's subpoena may be enough.

In other contexts, district courts have relied upon considerations of comity to avoid modifying or invalidating rulings from other courts. For example,

> [c]ourts which have been called upon to decide discovery motions that involve requests to modify or terminate a protective order previously issued by another court, whether state or federal, have frequently felt constrained by principles of comity, courtesy, and, where a federal court is asked to take such action with regard to a previously issued state court protective order, federalism.[18]

---

[17] *Buzas Baseball, Inc. v. Bd. of Regents of Univ. Sys. of Ga.*, 189 F.3d 477 (10th Cir. 1999) (unpublished table decision) (quoting *Sutter Corp. v. P & P Indus., Inc.*, 125 F.3d 914, 917 (5th Cir. 1997)).

[18] *Tucker v. Ohtsu Tire & Rubber Co.*, 191 F.R.D. 495, 499 (D. Md. 2000); *see also, e.g.*, *Santiago v. Honeywell Int'l, Inc.*, No. 16-CIV-25359, 2017 WL 3610599, at *2 (S.D. Fla. Apr. 6,

Additionally, when district courts in which foreign judgments have been registered have been faced with an attack on the validity of the judgment, those courts have deferred to the rendering court as a matter of comity.[19]

This rule of comity applies even in the criminal context. Consider Fed. R. Crim. P. 5(c)(3), which outlines the procedures for situations in which a criminal defendant's initial appearance is held in a district other than the one in which he or she is charged with committing an offense. Under that rule, the magistrate judge conducting the initial appearance has no authority to make any substantive rulings in the underlying criminal matter. Instead, that

---

2017) (denying a motion to modify a protective order issued by another court "because principles of comity and respect for preexisting judicial orders generally compel the parties to return to the Court that issued the existing Protective Order for any modifications"); *Dushkin Publ'g Grp., Inc. v. Kinko's Serv. Corp.*, 136 F.R.D. 334, 335 (D.D.C. 1991) (refusing "as a matter of comity" to order production of documents covered by a protective order issued by another court and directing the party to address that request to the court that issued the protective order); *Puerto Rico Aqueduct & Sewer Auth. v. Clow Corp.*, 111 F.R.D. 65, 67 (D.P.R. 1986) (concluding that the proper way for a third party to challenge a protective order is to move to intervene in the action in which it was issued and that considerations of comity required awaiting a ruling on that issue from the issuing court).

[19] *See, e.g.*, *Fuhrman v. Livaditis*, 611 F.2d 203, 205 (7th Cir. 1979) (providing that relief from a foreign judgment should be sought in the rendering court because: "(1) comity among the federal district courts is furthered if the registering court refers the question of relief from judgment to the court which ordinarily entered the judgment; (2) efficient judicial administration is furthered if the registering court defers to the original court, which is likely to be more familiar with the issues raised by the motion for relief from judgment"); *Dunkin' Donuts, Inc. v. Barkan*, No. 2:11-MC-18-CR, 2011 WL 1790248, at *2 (D. Vt. May 10, 2011) ("When a party attacks the validity of a judgment, relief is generally obtained in the court in which the judgment originally was rendered. . . . Courts have also found that deference to the rendering court supports the interests of comity among the federal districts courts." (quotations and citations omitted)); *F.C.V., Inc. v. Sterling Nat'l Bank*, 652 F. Supp. 2d 928, 939 (N.D. Ill. 2009) (denying motion to vacate registered foreign judgment based on considerations of "comity and efficient judicial administration").

magistrate judge has only the authority to transfer the defendant to the district in which he or she is charged with the offense.

Applying those principles here, the court concludes that considerations of comity require allowing the Central District of California court to make the threshold determination of the district of compliance for the Subpoena. Although Rule 45 permits a court other than the issuing court to quash or modify a subpoena, the non-issuing court is permitted to do so only when it is located in the district of compliance. When parties dispute the proper district of compliance, that issue should not be initially determined by a court with no connection to the underlying action. Instead, consistent with the examples stated above, principles of comity dictate that the issuing court should be given the first opportunity to resolve any dispute over the district of compliance.[20] This deference to the issuing court is especially warranted where, as here, the Central District of California is also the purported district of compliance on the face of the Subpoena. Given that the Central District of California both issued the Subpoena and purports to be the district of compliance, this court is not presumptuous enough to ignore the face of the Subpoena, to decide that the District of Utah is actually the district of compliance, and then to quash or modify the Central District of California's Subpoena.

In arguing that this court misapplied controlling law, Owlet contends that the District of Utah is the district of compliance because it does not regularly transact business within 100 miles

---

[20] The court recognizes that the issuing court may conclude that the Central District of California is not the district of compliance for the Subpoena or that the District of Utah is the district of compliance for the Subpoena. Regardless, under principles of comity, it is the issuing court that should make that determination in the first place. If the issuing court reaches either of those conclusions, the court will abide by its ruling.

of the location identified in the Subpoena, and, therefore, the Subpoena violates Rule 45(c)(2)(A).  Based upon that alleged violation, Owlet relies upon certain precedent to argue that the district of compliance is the district where Owlet resides, which is the District of Utah.

      The problem with Owlet's argument is that Rule 45's 100-mile rule does not answer the question which of two federal courts is "the district where compliance is required."  Instead, the 100-mile rule merely begs the question.  Under Rule 45(d)(3)(A), "On timely motion, *the court for the district where compliance is required* must quash or modify a subpoena that [among other things] . . . requires a person to comply beyond the geographical limits specified in Rule 45(c),"[21] which provides that a subpoena may command production or inspection of documents "within 100 miles of where the person resides, is employed, or regularly transacts business in person."[22]  Thus, "the district where compliance is required" is the court that must quash a subpoena that violates Rule 45's 100-mile rule.  This is a contested issue in which both Owlet and Respondents purport to have evidence to support their respective positions.  Consequently, Owlet's reliance on Rule 45's 100-mile rule merely circles the court back to the original question that Owlet was trying to answer: Which court gets to decide which is the compliance district?  Given that Owlet's argument does not answer that question but merely begs it, the court finds unpersuasive both Owlet's argument and the authorities that Owlet cites that unwittingly have fallen into this tautological trap.

---

[21] Rule 45(d)(3)(A)(ii) (emphasis added).

[22] Fed. R. Civ. P. 45(c)(2)(A).

For those reasons, the court declines to alter its ruling in the February 23 Order. The court also concludes that the Central District of California court should be provided with the first opportunity to address the issue of the district of compliance. If the Central District of California subsequently determines either that it is not the district of compliance or that the District of Utah is, the court will consider Owlet's arguments that this court is the district of compliance and, if so, whether the Subpoena should be quashed.

## CONCLUSION AND ORDER

Based upon the foregoing analysis, IT IS HEREBY ORDERED that the Motion[23] is DENIED.

IT IS SO ORDERED.

DATED May 4, 2021.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[23] ECF No. 6.